**BAIR v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.**

**No. 9079.**

Circuit Court of Appeals, Ninth Circuit.
Oct. 16, 1939.

Rehearing Denied Nov. 22, 1939.

Sterling M. Wood, Robert E. Cooke, and Fredric Moulton, all of Billings, Mont., for appellant.

Wm. V. Beers, of Billings, Mont., E. G. Toomey, of Helena, Mont., Edmund Nelson and G. L. Berrey, both of Los Angeles, Cal., and James S. De Martini, of San Francisco, Cal. (Louis Ferrari, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment in favor of the plaintiff (appellee) in a suit on a promissory note. The trial court, sitting without a jury, made findings as follows:

On May 21, 1934, appellant made, and on or about June 16 of that year delivered to appellee his promissory note in the sum of $80,762.50, payable in annual installments over a period of three years, with interest at 5% per annum, payable quarterly, with the proviso that should default occur in any installment of principal or interest the holder might declare the whole sum due at once. On August 21, 1934, a default in the payment of interest occurred and appellee elected to sue.

The defenses interposed were want of consideration and an asserted release of the obligation sued on. These defenses arose out of the following circumstances, related in detail in the findings of fact: In July, 1930, appellant made and delivered to appellee's predecessor a promissory note in the sum of $75,000, payable on September 6, 1930, with interest at 6% per annum. The note was secured by a pledge of certain shares of stock. In 1932 appellee, as successsor to the payee, commenced action on the note in the Montana state court. In that action appellant set up no defense on the merits, but alleged in his answer and in separate counterclaims that there had been a breach of trust in the handling of the pledged stock, in consequence of which appellant was damaged in a large sum. Issue was joined on the counter-claims.

In a formal stipulation dated May 15, 1934, the parties to that suit agreed that the action should be dismissed with prejudice to both, and that the stipulation should operate to release and discharge the defendant from the claims, demands, cause of action and indebtedness set forth in plaintiff's complaint, and similarly to release and discharge plaintiff from the demands set out in the defendant's answer. Thereafter on June 25, 1934, judgment was entered in line with the stipulation.

In the present suit the trial court found that the stipulation dated May 15, 1934, had been signed by the plaintiff in the former action on June 15, 1934, and delivered to the defendant on June 16 following, pursuant to an agreement between the parties to that cause. The agreement was that the defendant should pay the plaintiff $10,000 in cash upon the obligation sued upon by plaintiff in the then pending cause, and that the defendant should make and deliver to the plaintiff the promissory note involved in the present action. The court found that, at the time of the delivery of the stipulation, the defendant in that suit paid to the plaintiff the sum of $10,000, and at the same time delivered to the plaintiff the promissory note sued upon here; that, at the same time, the plaintiff surrendered to the defendant the note upon which the state court action had been brought, and shortly thereafter delivered to the defendant the certificates of stock which had been pledged as security therefor. It found that the consideration for the note involved in this action was the surrender of the note which was the basis of the previous action, the discharge of the obligation represented thereby, and the dismissal of that action; and that there was no intention on the part of either party that by the stipulation the appellee was to release or in any manner discharge appellant from his obligation represented by the note which is the basis of the present suit.

These findings are amply supported by the evidence. The stipulation and judgment in the action in the state court

had reference only to the former note and the indebtedness which it evidenced. They offered no obstacle to the settlement which the parties made between themselves. It is elementary that the surrender of the former note and the release of the then-existing indebtedness furnished consideration for the new promise.

Appellant says that since the state court judgment is based expressly on the stipulation "of May 15, 1934", the judgment constitutes an adjudication that the stipulation was entered into on that date. Further, that "when the debt was discharged by the act of making the stipulation, nothing was left to provide a consideration for the note delivered thereafter". The recital in the judgment is merely descriptive of the stipulation, not an adjudication of the date it became effective; and the finding is that the stipulation was delivered and the new note executed simultaneously, the making of the one being the consideration for the execution of the other.

Appellant's argument revolves largely around questions of pleading concerning the contents of appellee's reply to the defenses raised by the answer. The reply seems to us substantially to state the facts which were found to exist.

Affirmed.